MADELINE MONRO GRIER AND HENRY MONRO GRIER, PLAINTIFFS-RESPONDENTS, v. JOSEPH SCANDURA, DEFENDANT, AND HENRY CHARTOFF AND LOUIS YANOWITZ, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the defendants-appellants, *Edwards, Smith & Dawson.*

For the plaintiffs-respondents, *Charles C. Stalter.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from judgments recovered by the plaintiffs against Henry Chartoff and Louis Yanowitz, defendants-appellants, in the New Jersey Supreme Court, on verdicts rendered by a jury in a case tried at the Bergen Circuit.

The case arose out of an automobile accident in which a "large" truck, owned and operated by the defendant Scandura, a "small" truck, owned by the appellant Chartoff, and operated by his employe, Yanowitz, and an automobile owned and operated by the plaintiff Madeline Monro Grier, participated, resulting in personal injuries to Mrs. Grier, damages to her automobile and consequential damages to her husband, Henry Monro Grier.

The suit was originally instituted against three defendants, to wit, Joseph Scandura, Henry Chartoff and Louis Yanowitz.

A discontinuance was entered with respect to Scandura, owner of the "large" truck.

At the conclusion of the plaintiff's case, the defendants-appellants rested without offering any testimony, and thereupon moved for a direction of a verdict upon the ground that there was no evidence of any negligence on their part, that there had been no proof that the "small" truck at any time came in contact with the automobile of the plaintiff, Mrs. Grier.

The only ground of appeal is that the court refused to direct a verdict in favor of the defendants Chartoff and Yanowitz when requested so to do.

The complaint alleged that the plaintiff, Mrs. Grier, was on or about September 30th, 1931, operating her automobile in a northerly direction on the Franklin turnpike, in the county of Bergen; that the defendants were operating their respective trucks in a southerly direction at the same time and place, and so negligently operated them that as a result both trucks crashed into the automobile of the plaintiff, Mrs. Grier.

The allegations of negligence were, among others, that defendants' trucks were being driven at an excessive rate of speed, on the wrong side of the road, violating the rules of the road, the laws of the state and without proper regard to the rights of others who were lawfully using the highway, and without keeping a proper lookout for other vehicles, and that by reason of the negligence of the defendants, the trucks of the defendants collided with and against the automobile of the plaintiff, causing the injuries and damages for which the suit was brought.

Appellants' counsel, citing 33 *Corp. Jur.* 1140; *Wills* v. *Shinn,* 42 *N. J. L.* 138, 140, and *Oaklyn* v. *Rulofson,* 98 *Id.* 304, 305, asserts as an axiomatic legal proposition that the plaintiffs must recover, if at all, upon the facts alleged in their pleadings, or, stating it conversely, that "a defendant is only required to meet the case laid against him in the plaintiff's complaint."

With this as the corner stone, appellants seek to build up their case by a further assertion to the effect that by the allegations in the complaint, the only claim which appellants are required to meet is that their truck (herein referred to as the "small" truck) and the truck of the defendant Scandura (herein referred to as the "large" truck) were, by reason of certain specified acts of negligence on the part of the driver of each truck, *caused* to *collide* with the plaintiff's automobile, thus causing damage and injury to plaintiffs.

Counsel of appellants then makes the following sweeping statement, to wit:

"Of course, if there was no collision or contact between the two vehicles [*i. e.,* the truck of defendants Chartoff and Yanowitz and the Grier car] there would be no liability, under the complaint, upon the part of Yanowitz and/or Chartoff."

Appellants follow this up by declaring: "The pivotal question, then, is, does the evidence show any contact or collision between such two vehicles? If it does, the judgment should be affirmed. If it does not, the judgment should be reversed."

Then appellants answer the above question by asserting that "nowhere in the evidence is there any testimony of any contact between the Grier car and the truck of Yanowitz and Chartoff."

Assuming, without deciding, that appellants correctly stated the crucial question involved in the case, our examination of the testimony leads us to the opposite conclusion from that reached by appellants.

We have repeatedly held that "motions for nonsuit and to direct a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and every inference of fact that can be legitimately drawn therefrom,

which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied." *Parave* v. *Public Service Interstate Co.*, 109 *N. J. L.* 155; *Fox et ux.* v. *Great Atlantic and Pacific Tea Co.*, 84 *Id.* 726; *Fine & Jackson, &c., Corp.* v. *Lehigh Valley Railroad Co.*, 110 *Id.* 385, 387.

Considering the evidence in the light most favorable to the plaintiffs, it was open to the jury to find the following facts:

On September 30th, 1931, about seven P. M., Mrs. Grier, the injured plaintiff, was driving alone in her atomobile, northerly along Franklin turnpike, Bergen county, a concrete two-lane highway. It was not very dark but the lights of her automobile were burning. Coming toward her from the north was the "large" truck of Scandura and immediately following it, about twenty-five feet back, was a pleasure car occupied by one Henry A. Dwyer, a lieutenant of police, and his family, and immediately back of the pleasure car was the "small" truck of the appellants.

Mrs. Grier was traveling between twenty-five and thirty miles an hour, and just prior to the accident was entirely on her right side of the road.

When the Grier car was about two hundred feet away, the pleasure car, driven by Lieutenant Dwyer, turned slightly to the left to pass the "large" truck, but seeing the lights on Mrs. Grier's automobile approaching, pulled back in line and traveled approximately one hundred feet when the "small" truck of appellants pulled to the left and shot forward and passed at thirty miles per hour the pleasure car, which was then traveling not over ten or fifteen miles per hour. Just as the "small" truck passed the "large" truck the collision occurred.

Mrs. Grier was so severely injured that she could not recall anything of the accident except that immediately before the collision she was traveling about thirty miles per hour on her extreme right of the concrete road with the lights of her automobile on.

After the accident, the "large" truck was on its right side

of the road, the "small" truck was a short distance in front of the "large" truck, that is to the south of it, and also on its right side of the road, and Mrs. Grier's automobile was "kind of diagonal across the street;" the front end of her automobile being under the bumper of the "large" truck.

There are several allegations of negligence contained in the complaint, and in order for the plaintiff to recover she need prove only one of them. There cannot be any doubt that there was a collision between plaintiffs' car and the "large" truck—that is, between two of the three cars involved—and it cannot be gainsaid that if the negligence of the operator of the "small" truck was the cause of the collision between the other two cars, then this would spell liability on the part of the owner and operator of the "small" truck, even if the "small" truck did not come in contact with either of the two cars.

We think the allegation in the complaint is sufficiently broad to apprise the three defendants that it is claimed that through their separate or combined acts of negligence a collision occurred between the plaintiffs' car and one or both of defendants' trucks. Be that as it may, it is not necessary to decide this question on the technical sufficiency of the allegations of the complaint. We find a plentitude of evidence in the case to show that the "small" truck did come into contact with the plaintiff's car.

Lieutenant Dwyer, referring to the "small" truck, said: "And it passed, I should think, very near the large truck, and went to turn to the right to get over there again, and the big truck hit him and also Mrs. Grier's car hit him."

This testimony was somewhat shaken on cross-examination when he said he did not see the contact because the "large" truck was between him and the "small" truck. Nevertheless from the situation described by his testimony and that of his daughter, which we shall refer to presently, we think it may fairly be said that there was testimony from which contact with the "small" truck could be determined, or at least legitimately inferred. To begin with, the testimony was without contradiction that the plaintiff was on her right side of the

road; that the "large" truck was at all times on its right side of the road; that at no time until the "small" truck endeavored to pass the "large" truck and came into the course of the plaintiff's car, was there anything which would result in a collision between any of the cars. The position of the "small" truck when the three vehicles were in close proximity was such as to reasonably lead to the conclusion that the "small" truck was in the line of travel of plaintiff's car and that contact occurred which turned the plaintiff's car to the left and into the "large" truck which was back of the "small" truck at that time.

The daughter of Lieutenant Dwyer testified that she saw the "small" truck pass her father's car to the left and go beyond the "large" truck and the next thing she heard was a crash, and that the last she saw of the "small" truck was after the accident when the appellants were fixing one of its tires on the side of the road.

Appellants argue that there is no proof that the difficulty with the tire was occasioned by any accident or contact between their "small" truck and the Grier car; that tires become flat and blow out without collision with other cars. That is true—but it is likewise common knowledge that tires also become flat and blow out because of collisions.

The presence of the "small" truck at a standstill on the road directly in front of the "large" truck immediately after the accident, the flat tire, coupled with the other testimony of the plaintiffs' witnesses, would clearly justify a finding on the part of the jury that the "small" truck had been in the collision.

As we intimated before, however, if the negligence of the operator of the "small" truck was the proximate cause of the collision between the plaintiff's car and the "large" truck, even though there had been no direct or indirect evidence of contact between appellant's truck and the Grier car, we think there still would have been a *prima facie* case, within the pleadings, made out by the plaintiffs.

In order to be the producing cause of an accident and resultant injuries, it is not necessary that there be contact be-

158

tween the respective automobiles. It is only necessary that the negligence of the defendants-appellants sets the other causes in operation. Of this there was an abundance of evidence in the instant case.

We are of the opinion that the action of the trial court in refusing the appellants' motion to direct a verdict was proper and that the judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.